————o————

No. 6407.

## SUCCESSION OF ELIZABETH KOLL, WIFE OF OSCAR L. VILLENEUVE.

### Syllabus.

In the choice of the administrator the preference shall be given to the beneficiary heir over every other person, if he be of age and present in the State. *C. C.*, 1042.

Appeal from the Civil District Court for the Parish of Orleans, Division "A," No. 106,922. Honorable T. C. W. Ellis, Judge.

G. J. Untereiner, A. J. Peters, for plaintiff and appellant.

Oscar Schreiber, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This is a contest for appointment as administrator of a wife's estate between the wife's brother and the administrator of the deceased husband's estate.

The evidence shows that the wife left both community and separate property; that she died intestate leaving neither ascendants nor descendants; that her husband survived her.

Under the circumstances her husband was heir to the community property, and the brother, and a sister heirs to the separate property. But husband and brother were therefore "beneficiary heirs."

During the life of the husband he claimed the administration and was not opposed.

After his death the only remaining beneficiary heirs of the deceased were his brother and sister.

The law provides, C. C., 1042:

> "In choice of the administrator the preference shall be given to the beneficiary heir over every other person, if he be of age and present in the State."

The trial Judge simply followed the law when he appointed the brother in preference to the administrator of the husband's succession.

**Succession Romero, 42 A., 894.**

We cannot in these proceedings undertake to determine or even consider the quantum of community and separate property respectively, left by the deceased. Nor are we called upon to determine or consider here whether the wife's administrator or that of the husband, is entitled to liquidate the community between husband and wife, and to that end administer directly upon the community assets.

The judgment appealed from is correct.

Judgment affirmed.

Opinion and decree, June 14th, 1915.